IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CORNELIUS HILL,

       Petitioner,      OPINION AND ORDER

  v.               18-cv-095-wmc

RANDALL HEPP, Warden,
Fox Lake Correctional Institution,

       Respondent.

Cornelius Hill, an inmate at the Fox Lake Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 6, 2013, judgment of conviction in Dane County Circuit Court for 11 counts of criminal slander of title. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 provides that when conducting this review,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Court's initial review of habeas petitions evaluates whether petitioner sets forth cognizable constitutional or federal law claims, and whether petitioner has exhausted available state remedies. Further, the petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th

1

Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). In this instance, dismissal is necessary because petitioner does not articulate a cognizable claim.


OPINION

Petitioner claims his appointed appellate lawyer committed prejudicial errors during his direct appeal and "abandoned" him by failing to send petitioner copies of his briefs and the appellate court decisions. In addition, petitioner claims that counsel stymied petitioner's current efforts to file a collateral attack in the state courts by failing to provide him with his case materials, including trial transcripts, police reports and witness statements. As to the latter claim, petitioner asks this court to stay this federal petition until he can obtain copies of his case materials and then prepare and file a collateral attack in the state courts, although he does not identify *any* viable ground for such a challenge. (Dkt. #2) He also asks the court to order his state appellate lawyer to provide him with his case materials.

A district court is authorized to stay federal habeas proceedings and hold the petition in abeyance while the petitioner exhausts his remedies in state court if the petitioner is at risk of filing a late petition without the stay. *Rhines v. Weber*, 544 U.S. 269 (2005). This preserves the petitioner's ability to seek habeas relief while affording the state courts the first opportunity to remedy any constitutional errors in the petitioner's conviction. Because such a stay would undermine the finality and expediency that Congress sought when it passed the Antiterrorism and Effective Death Penalty Act, however, an order for "stay and abeyance should be available only in limited

circumstances." *Rhines*, 544 U.S. at 277. Indeed, the Supreme Court advised that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. Moreover, the claims must be plausibly meritorious. *Id*.

In this case, it appears that petitioner filed his petition exactly one year after his conviction became final, meaning that he no longer has any time remaining on his federal habeas clock.[1] While this gives the court pause, petitioner has wholly failed to show that he has plausibly meritorious claims or that good cause exists for his failure to exhaust his claims in state court. Indeed, petitioner has not even identified what claims he would like to exhaust in state court, much less whether they are meritorious or why he failed to seek the same relief in state court.

The only claim that the court can discern from the petition is a claim of ineffective assistance of appellate counsel, which requires petitioner to assert facts showing that his lawyer's performance was deficient and that petitioner was harmed by it. *Strickland v. Washington*, 466 U.S. 668 (1984) (setting out two-part test for ineffective assistance claims). Such facts are lacking from the petition. Petitioner complains generally that his appellate lawyer "abandoned him," but that does not appear to be true. As petitioner acknowledges, his lawyer filed a direct appeal on his behalf, arguing that the trial court had erred by failing to appoint standby counsel to assist petitioner at trial. *State v. Hill*, No. 2014AP2012-CR, 2016 WL 8605448, at *1 (Wis. Ct. App. July 5, 2016) (summary

---

[1] Petitioner's conviction became final on February 13, 2017, which was the last day on which he could have filed a petition for a writ of certiorari with the United States Supreme Court. He filed the instant petition on February 13, 2018.

disposition), review denied, 374 Wis. 2d 156 (Nov. 14, 2016).   The Wisconsin Court of Appeals rejected the argument for two reasons.   First, Hill had never asked the trial court to appoint standby counsel, and therefore there was no adverse ruling to appeal.   Second, the non-appointment of standby counsel did not implicate any right of the defendant that would lead to reversal and a new trial.   *Id*.

Seizing on the first ground, petitioner suggests that his lawyer made a procedural mistake when he failed to raise the standby counsel issue in a post-conviction motion to the trial court.   (Attachment A (dkt.#3) at 2.)   But this is not enough to establish a viable claim of ineffective assistance of counsel.   As explained in the court of appeals' opinion, counsel's procedural error (assuming it even was one) was not prejudicial to petitioner, insofar as the court of appeals found that claim had no merit.   Further, to the extent petitioner may be contending that his appellate lawyer was ineffective for failing to raise other, viable issues, he fails to articulate any facts showing that his lawyer ignored issues that were clearly stronger than the one he presented.   In the absence of such facts, this court must presume that counsel's performance was effective.   *See Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996).

In addition to his failure to assert potentially meritorious claims, petitioner has failed to show good cause for his failure to pursue available remedies in state court. Petitioner asserts that he has been unable to file a post-conviction motion because his lawyer has not sent him his trial transcripts and other materials in spite of petitioner's many requests.   Although petitioner's frustration is understandable, the absence of the transcripts did not prevent him from filing a state court motion for post-conviction relief.

Moreover, while a defendant filing such a motion must provide more than conclusory allegations, he is not required to provide citations to transcripts. *See, e.g., State v. Cesar*, 2012 WI App 118, ¶ 11, 344 Wis. 2d 519, 822 N.W.2d 736 (postconviction motion must allege, "within the four corners of the document," the "five 'w's' and one 'h'; that is, who, what, where, when, why, and how.") (quoting *State v. Allen*, 2004 WI 106, ¶ 23, 274 Wis.2d at 585, 682 N.W.2d at 441); *accord Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (no need to cite to transcripts in habeas corpus petition). Here, petitioner actually represented himself at trial, and he ought to have some idea how the trial court or prosecutor violated his constitutional rights. Petitioner has submitted a number of letters that he purportedly sent to his lawyer and to the state public defender's office in an effort to obtain his transcripts, but none of his correspondence was directed to the state courts. Because he is challenging a state court conviction, petitioner was obligated to seek relief from the Wisconsin courts before filing a federal habeas petition, and filing the petition on the last possible date is not a substitute for failing to pursue state relief diligently, much less an excuse for failing to articulate a plausible constitutional claim or show good cause for his failure to exhaust his state court remedies.

Accordingly, petitioner's motion for a stay must be denied and his petition dismissed. Petitioner remains free, however, to file a post-conviction motion in the state courts under Wis. Stat. § 974.06, which does not have a statute of limitations.

ORDER

IT IS ORDERED THAT:

1. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Cornelius Hill's petition for a writ of habeas corpus (dkt. #1) is DISMISSED for his failure to state a plausible claim for relief.

2. Petitioner's motion for a stay of his petition (dkt. #2) is DENIED.

3. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2).

Entered this 30th day of May, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge